IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACKIE DORAIL HOWARD                                                                           PLAINTIFF

v.                                              Civil No. 4:18-cv-4130

SHERIFF JACKIE RUNION; WARDEN
JEFFIE WALKER; AILLSON MILLER;
and LIEUTENANT GOLDEN ADAMS                                                      DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. (ECF No. 26). Plaintiff Jackie Dorail Howard has not responded to the motion and his time to do so has expired. The Court finds the matter ripe for consideration.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on September 10, 2018 in the Eastern District of Arkansas. (ECF No. 2). On September 12, 2018, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). Plaintiff's motion to proceed *in forma pauperis* was granted the following day. (ECF No. 6). Plaintiff filed an Amended Complaint on September 26, 2018. (ECF No. 8).

On July 19, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 21). That same day, the Court entered an order directing Plaintiff to file a response to Defendants' motion by August 9, 2019. (ECF No. 24). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. The order was not returned as undeliverable. To date, Plaintiff filed a response to Defendants' summary judgment motion or otherwise responded to the Court's order directing him to do so.

On August 20, 2019, the Court entered an order directing Plaintiff to show cause by September 3, 2019 as to why he failed to respond to Defendants' summary judgment motion. (ECF No. 25). The show cause order was not returned as undeliverable. To date, Plaintiff has not responded as directed.

On September 9, 2019, Defendants filed the instant Motion to Dismiss, arguing that this case should be dismissed based on Plaintiff's failure to obey the Court's orders and failure to prosecute his case. (ECF No. 26). That same day, the Court entered an order directing Plaintiff to respond to the motion to dismiss by September 27, 2019. (ECF No. 28). That order was not returned as undeliverable. This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has filed a response to the motion to dismiss.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b),

2

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey three orders of the Court, none of which have been returned as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge